975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jane B. GRAY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3311.
 United States Court of Appeals, Federal Circuit.
 July 13, 1992.
 
 Before RICH, MICHEL and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jane B. Gray petitions for review of the Merit Systems Protection Board Order, Docket No. CH07529010682-1, dismissing her appeal for lack of jurisdiction. This court affirms.
 
 OPINION
 
 2
 Beginning October 17, 1981, Jane B. Gray served two temporary assignments with the United States Postal Service as an Occupational Health Nurse. On May 1, 1982, the Postal Service gave Ms. Gray a career appointment to this position at $11.23 per hour. On June 2, 1982, the Postal Service corrected Ms. Gray's salary to $9.93 per hour, retroactive to the date of her career appointment.
 
 
 3
 Alleging that the salary correction was a prohibited reduction in pay, Ms. Gray appealed to the Merit System Protection Board's Chicago Regional Office on September 4, 1990. The administrative judge dismissed the appeal because Ms. Gray did not establish the "preference eligible" status required for Board jurisidiction over appeals by Postal Service employees. See 5 U.S.C. §§ 2108(3) and 7511(a)(1)(B) (1988), amended by 5 U.S.C. § 7511(a)(1)(B)-(C) (Supp. II 1990).
 
 
 4
 On petition for review, the Board remanded Ms. Gray's case to the administrative judge for additional fact finding. Gray v. United States Postal Serv., 48 M.S.P.R. 295 (1991). On remand the administrative judge found that the Board lacked jurisdiction over the appeal because Ms. Gray was not preference eligible at the time of the alleged reduction in pay. The administrative judge also found that Ms. Gray had not completed one year of continuous service at the time of the alleged reduction in pay. The Board denied Ms. Gray's petition for review.
 
 
 5
 This court reviews Board decisions under a limited standard. This court affirms Board decisions unless (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 6
 In order to appeal a reduction in pay to the Board, the appellant must be an "employee." 5 U.S.C. § 7513(d) (1988). Before 1990, Postal Service workers were "employees" only if they were "preference eligible" and had "completed 1 year of current continuous service in the same or similar positions." 5 U.S.C. § 7511(a)(1)(B) (1988), amended by 5 U.S.C. § 7511(a)(1)(B)-(C) (Supp. II 1990). See also 5 U.S.C. § 2108(3) (definition of "preference eligible").
 
 
 7
 At the time of the alleged reduction in pay, Ms. Gray met neither of these requirements. Ms. Gray claims preference eligible status because she is the unmarried widow of an honorably discharged World War II veteran. However, Ms. Gray did not become a widow until 1986, four years after the effective date of the alleged reduction in pay. Also, on the effective date of the alleged reduction in pay, Ms. Gray had less than nine months of current continuous service in her position at the Postal Service. Thus, on the effectiove date of the alleged reduction in pay, Ms. Gray was not entitled to appeal the reduction to the Board.